I think despite the fog, we're all happy to be here. I hope you are too. And I want to make sure before we begin that my colleague, Judge Van Antwerpen, is on the phone. Are you there? Judge Greenway, I am, and you're coming in loud and clear, and I apologize for not being there in person, but as you can probably hear, I have a rather bad cold. Well, you sound surprisingly good, which is wonderful, and we're happy that you're with us. And we'll call the one and only case that we're going to hear this afternoon, Knight v. ILA, and we'll begin with Mr. Goldberg. Good afternoon, Your Honors, and may it please the Court. Good afternoon. I'm Michael Goldberg, and I represent Eddie Knight and three other longshoremen who are the plaintiffs in this case and initiated this appeal. And with your permission, I would like to reserve two minutes for rebuttal. Absolutely. Go ahead, sir. Thank you. This case involves the rights of union members under federal labor law to free speech and due process within their unions and the right to be informed about that law by their unions. Mr. Goldberg, this is Judge Van Antwerpen. Yes, Your Honor. Pardon me for interrupting, but there's a question I wanted to get out of the way initially, and that is if we were to read the Hardeman case, the Supreme Court Hardeman case, you require a showing of prejudice from lack of notice about the spirit and intent charges. If we were to read it that way, how specifically were you prejudiced by the lack of notice in this case? What would you have done differently, or what did you do that you would not have done, sir? Thank you, Your Honor. As you know, the Knight's impression and what everything in the record indicated was that he was being charged with an actual violation of Section 302 of the Taft-Hartley Act. If we had been on notice that he was also being charged with violating the spirit or intent of that statute, there are a number of arguments that we would have made that were not advanced. For example, we would have explored, well, what is the spirit and intent of that provision in Taft-Hartley? And there is Supreme Court precedent as well as Third Circuit precedent that we would have caught the attention to that says the purpose of that statute was to root out corruption in collective bargaining by prohibiting payoffs, bribes, extortion, that kind of thing. And that was not at all the case here. If we had advanced that argument, I believe it would have been successful because at the beginning of the second union hearing, the union itself conceded that the conduct that Knight engaged in was not bribery or corruption or anything of that ilk. Well, let me ask you this along those lines. I thought that the ILA's pre-hearing submission, so this is the second time around, included the fact that it was a charge of conduct detrimental to the welfare of the ILA regarding the acceptance of the $500 from McBride. Isn't that so? Well, it was certainly alleging conduct detrimental to the ILA. The question was what was the nature of that conduct. What other conduct could there have been? Well, the conduct that actually took place in this case, which was accepting money not in violation of the statute. So what's the surprise then? Well, the surprise was during the second union hearing itself, we examined the Vice President Poehler, who actually brought the charges against Knight, and he himself acknowledged that in order to violate the conduct detrimental to the union standard, there either has to be a violation of some other provision in the union contract, some other specific provision, or there has to be a violation of federal labor law. Those are his words. There has to be a violation of the law that affects us all. Well, didn't they say that the acceptance of the $500 didn't have to be violative of 302? I don't think you can find those words expressly saying that in the pre-hearing submission. The district court found as a fact that the, you know, and, Your Honor, I won't contest the fact that there's not some evidence, a sentence here, a sentence there, that could support the result reached by the union in the second hearing. But the district court found as a fact that what Knight was actually charged with was violating the statute in fact. And so on a clearly erroneous standard, while there might be some evidence in dispute, and that's why the district court quite properly denied the cross motions for summary judgment that had been filed before the second bench trial. So there was some evidence in dispute, but the overwhelming weight of the evidence, as the judge below found, supports the conclusion that the charge was violating the statute in fact, not just in spirit. But wasn't the whole notion of the, this is such an odd phrase, spirit and intent, right? Was the whole notion of the spirit and intent something that had been initiated with Molan? I mean, I know that the district court obviously lent its imprimatur to it, but it seems to me that this is, the whole notion of spirit and intent seems almost like a red herring. You know, it began with Molan, but it seemed that the ILA from the pre-hearing submission forward was pretty consistent in saying, no, it's conduct detrimental, and it relates to the $500, which I think I'm with my colleague, Judge Nygaard, that's the only thing we're really talking about here. So I'm really not clear on the confusion. Well, I think a close examination of Judge Molan's own report indicates, he says flatly that the conclusion the union was arguing before him was that Knight had violated Section 302 intentionally or negligently,  and so, but Judge Molan concluded that that was not the case, correctly concluded that there was no actual violation, and so he found Knight guilty of something he wasn't charged with. And I might want to point out as well that I think the district court is correct in evaluating the facts, and in that the pre-hearing submission was never characterized as a set of charges. It was, and I think the judge below was reasonable in saying, if we're going to read into portions of the pre-hearing submission that were argument, not charges, if we're going to read those arguments as though they were charges, there has to be a higher standard in order to meet the requirements of the LMRDA's due process provisions. So you think that the ILA's pre-hearing submission fell short of the Hardiman's requirement of written specific charges? Absolutely, because as I discussed earlier, as the district court found as a fact, there was actual prejudice on the part of Knight in preparing his defense. If there had been any clear indication that violating the intent or the spirit of Taft-Hartley was what Knight was charged with, we had arguments to make. We would have made those arguments. I think those arguments were strong arguments, particularly in light of what the purpose of the act was, which was to stamp out corruption. And the ILA itself acknowledged at the start of the hearing, of the second union hearing, that that's not the kind of, you know, whatever Knight did. It wasn't corrupt, excepting the donation was not in any way an attempt to interfere with honest collective bargaining. If you put spirit and intent aside for a moment, is it your position that the charge of accepting the $500 from McBride is not a violation of 302? Not on these facts. 302 applies to private sector employers, and the Port of Wilmington is a public sector employer. And it also talks about union officers whose members work for the employer. And in this case, the members of Eddie Knight's local work for private stevedore companies, not directly for the Port. So there was, in fact, no actual violation of the statute. So no further questions on that issue. I can move on to the one point I would like to add, again, to stress the fact that while there may be some evidence in the record supporting Judge Mullen's conclusion, again, the district court evaluated this and found as fact that the preponderance of the evidence was that there wasn't clear charges that did not, that the charges were sufficiently unclear as far as the intent or spirit of the statute. That Knight was, in fact, misled. And those findings, in fact, can only be overturned on a clearly erroneous standard. One bit of evidence, for example, that the ILA cites in its, on one of its briefs, is a letter from the ILA's secretary treasurer to plaintiffs Knight and Miller Bay rejecting their internal union appeal following the first union hearing. Is that the 2007 letter? This is a letter from, it's on page 509 of the joint appendix, and it's after, it was I think back in 2000, after the first union hearing. Oh, the first one, okay. And the ILA discusses that on page 10 of its reply brief, I believe it was. And the internal union appeal that Knight and Miller Bay had filed asserted the argument that there was no actual violation of Section 302 of the Taft-Hartley Act. And they imply, they don't say it directly, but they imply on page 10 of their brief that the secretary treasurer went on to say, so it doesn't matter if there wasn't an actual violation, as long as it was taking money from an employer, that's conduct detrimental. But that's not, in fact, what that letter says. The letter rejecting the appeal says, well, the appeal should be denied because there was other conduct that constituted conduct detrimental to the union. That other conduct was soliciting a contribution, which did not happen, and the ILA at the second union hearing itself acknowledged it did not happen, that Eddie Knight had somehow misled the port director into making the donation. Again, that didn't happen, but whether it happened or not, that was not the topic of the second union hearing. And third, that Knight had allegedly used the ILA's logo in violation of Article 27 of the Constitution. But, of course, this court, back in 2006, ruled that Article 27 was facially illegal under the LMRDA because its overbreadth interfered with union members' freedom of speech. And, of course, that was not a basis for the charges against Knight in front of Judge Mullen. What's the effect of our ruling in 2006 that Article 27 was overbroad? Well, it's got a tremendous effect, I believe, on the back pay claim. Knight was suspended for six months, lost substantial back weight, lost wages for the period of his suspension. And the district court initially abstained from evaluating the legality of Article 27. We appealed that. It was one of the issues we appealed six years ago. And this court not only reversed on the abstention issue, but then went on to decide the merits and held on the merits that Article 27 violated the free speech provisions of the LMRDA because it was unlawfully overbroad and unreasonable. So that pulled the rug out from under the district court's initial ruling that Knight was not entitled to back pay. Union officers, the judge was correct, if this were purely a due process case, and if there were no freedom of speech issues in this case, the district court would have been correct. Back pay is not available to union officers removed from office. However, the Supreme Court, the law is very clear in the sheet metal workers versus steel case, the Supreme Court decision that is held, if the union officer is removed from office in violation of his free speech rights, then that is an LMRDA violation and the appropriate remedy would be back pay for the period of removal from office. And if you can indulge me for one second, Your Honors, I do want to call the court's attention to three cases that I inadvertently omitted from our briefs that I want to make sure the court is aware of. These three cases all stand for the proposition that under the sheet metal workers versus LIN standard, the reason for the elected officer's removal from office does not have to be exclusively a free speech violation. As long as there is a free speech violation in the picture, that meets the sheet metal workers standard. The three cases are all circuit court cases. This circuit has not addressed it. One is Petromali versus laborers. Second circuit case, 736 at second, 13 at 16. All right, slow down. What's the name of that case? Petromali versus laborers. Let me interrupt and say, why don't you submit something to us? Okay, I'd be happy to do that. If you're saying three, is it three other circuits or just three? There's a case from the second circuit, one from the fourth circuit, one from the sixth. So it is three other circuits. Three different circuits, yeah. Yeah, yeah. Why don't you, what do you need, a week? Oh, I can submit that to you this afternoon, tomorrow. Okay, tomorrow. And you can have a week to reply.  Great. So that that's clear on the record. So on the, in further response to your question about the Article 27 and the free speech issue and the impact of this court's earlier ruling, once this court ruled that Article 27 was unlawful, that put back into the case the freedom of speech issue, which means the district court was operating on a false premise when it initially ruled that a knight was not entitled to back pay. So it was perfectly reasonable for us on remand, now that the freedom of speech issue was back in the case, because... What's the evidence of retaliatory intent? Under Sheet Metal Workers v. Lynn, there is no requirement of retaliatory intent. There is a requirement if there were no free speech issue. Under Finnegan v. Liu, there is a requirement of intent to suppress dissent or discriminatory intent. But under Lynn, there's a footnote 7, I believe, specifically says that as long as there's a free speech violation, it doesn't have to be an intentional free speech violation. And in particular, it says there doesn't have to be any intent to suppress dissent. Well, I'm sure when they have the opportunity, they're going to get up and say, Judge, there's no free speech violation here. Well... In fact, the district court granted summary judgment for the ILA on the claim that the union had disciplined him in order to silence him, the retaliatory one. And actually, in our prior opinion, we didn't invalidate that. We just said on remand, narrow it down. But the... Or any other... You're correct, Your Honor, as to what the district court did before the first appeal in this case. But at that point, the district court was not addressing at all the legality or illegality of Article 27, which was the charge on which it found Knight guilty. It was abstaining from addressing that. So the fact that it didn't find an intent to discriminate under a different kind of free speech claim really has no bearing on the remand. Because after the remand, the Article 27 issue was squarely back in the district court's lap. Are you saying once Article 27 was amended, that it still had validity then in this case? Well, after Article 27 was amended on remand, it was no longer a basis for the union's second hearing. Right, all right. Wouldn't a union have an inherent power to protect its name and its logo? It has an inherent power to do that, and this court in the 2006 ruling said that Article 27 could be amended in order to lawfully protect that interest, and that's what happened on remand. But the problem was this court has already found that Article 27, as it existed at the time Knight was found guilty of violating it, was unlawfully over-broad. And under the over-breath doctrine, the First Amendment over-breath doctrine, which is now part of the LMRDA jurisprudence of this circuit, under the over-breath doctrine, even someone who might have been found in violation of a narrowly drawn, properly drawn restriction of speech can challenge a restriction of speech that's unlawfully over-broad, and that's exactly the facts here. We'll get you on rebuttal. Thank you so much. Thank you, Your Honors. Mr. Sheridan? Yes, Your Honor. Good afternoon. Good afternoon, sir. How are you? I'm well. That's good. Again, my name is John Sheridan. I'm from the law firm of Marinin & Mazzola-Martin in New York. I represent the Cross-Appellant International Insurance Association. I wanted to start off talking about the standard of review for the ILA's appeal. I believe it's clear that the ILA's appeal is based upon the district court's misconstrual or misinterpretation of Judge Mullen's decision and the misunderstanding of what the LMRDA requires for proper notice before a disciplinary hearing. And because of that, it's a question of law and not a question of fact. It's not a clearly erroneous standard. In that regard, I'd just like to start talking a little bit about my appeal and circle back and discuss Mr. Knight's appeal. What this court has to grapple with from the perspective of Judge Mullen's opinion is did Judge Mullen find him guilty of conduct detrimental to the welfare of the ILA? If that's what Judge Mullen found, then the answer to this whole problem is easy. The words conduct detrimental to the welfare of the ILA are mentioned numerous times in the ILA's arguments throughout this litigation, and in particular in the ILA's arguments in its pre-hearing submission to Judge Mullen. So what do you make of Judge Mullen's use of this term, spirit and intent, and what use should we make of it? Your Honor, when Judge Mullen used the term spirit and intent, he used it once in his entire opinion, he was trying to explain, he was trying to give the rationale for his decision. His decision was Eddie Knight, excuse me, Mr. Knight, had taken this money and used it to defray the cost of this function, and that action had constituted conduct detrimental. Now, as we argue in our brief, and it's based upon Hardeman, a union tribunal does not usually have to give its rationale, but in this case it was certainly fair for Judge Mullen to do that. He found that, Judge Mullen found that technically Mr. Knight's actions, his conduct had not violated federal law, but he found that it had violated the spirit and intent of federal law, and that was what made the conduct detrimental. And so the argument that Mr. Goldberg raises is what kind of notice do we have that spirit and intent is really at the crux of this matter? That sort of comes out of left field, I suppose. It kind of does come out of left field, Your Honor, you're correct, but not in the way that Mr. Knight's attorney is arguing. It's basically he's putting a great deal of emphasis in his reply brief of, well, we need to find the phrase spirit and intent somewhere in the arguments that the ILA made, and if we don't, then my client should win, and there's no need to focus on that phrase. There's a lot of other phrases in that decision as well. What did Mr. Knight have notice of? He had notice that he had been accused of conduct detrimental to the welfare of the ILA for the specific conduct of accepting the $500 and using it to defray the cost of the function. That was the key notice that he had, and that's sufficient under the law. He had a whole pre-hearing submission from the ILA that explained a lot more than that, Your Honor. And so without going to what was the bare necessity under the law, he had a lot more. He had an argument that the ILA had the right to prohibit any conduct that involved a payment from an employer of ILA members to an ILA officer. In this case, the employer was the port director. The port corporation does employ members of Local 1694-1. So you're reading employer much more broadly than obviously Mr. Goldberg's reading it. Well, Mr. Goldberg is reading it as it's defined in the statute, and he's taking that definition and saying if you haven't violated the statute, then you have not committed conduct detrimental, and that seems to be what he's saying. Employer, we're using in the common term as any sort of dictionary definition of employer, that a public employer in this case employs members of the ILA in the Port of Wilmington. It's different in other ports, but the ILA is a national organization. There could be a situation, and this is mentioned in the ILA's pre-hearing submission to Judge Mullen, where an employer from one port offers payment to an ILA officer in another port. Judge Mullen finds that he did not technically violate Section 302. That's correct, Your Honor, that he did not technically violate Section 302. I don't know if the hypothetical I just mentioned right now that was in the pre-hearing submission submitted to Judge Mullen by the ILA, if some employer from one port pays money to an ILA officer in another port, that might not violate 302 either. But Judge Mullen found at the ILA's request and at the ILA's urging that that does violate the conduct detrimental provision of Article 18 of the ILA Constitution. You know, Your Honors, and we mentioned this in our brief too, Judge Mullen received the same documents, the same arguments, the same thing that Eddie Knight and his counsel received. He understood the ILA's argument that the ILA took the position very strongly that this did violate 302, but even if it didn't, even if Mr. Knight was correct and it did not technically violate 302, it still was conduct detrimental to the welfare of the ILA. And that is what Judge Mullen found at the end. His opinion was, in a lot of ways, a typical arbitrator's opinion. It states one side's position, then states the other side's position, then states a quick sort of summary and a decision. And in a portion of his decision, he explained that it was not, in his opinion, a technical violation. It was not an actual violation of the law. Does the pre-hearing submission that you all submitted after the case came back, does that meet the level of specificity required of 101A-5A? It definitely does, Your Honor. It's much more than that. I mean, Hardiman describes what the level of specificity is. Hardiman quotes some of the congressional record in that regard. It's less about the words used and more about the ability to provide sufficient notice. Isn't that what it says? Yes. Well, the conduct that the person is expected to be on trial for, so he can defend himself against that conduct. In this case, the conduct was simply taking the money from the port director. I mean, Hardiman's clear that you don't have to get bogged down in particular rules or quoting particular sections of the Constitution. Far from it. You don't have to quote any written rule. Now, certainly, Mr. Knight or anybody else shouldn't be misled. Well, I was going to come to that. If you're going to specifically mention a section like that, wouldn't that tend to mislead someone? Your Honor, I mean, that's in Hardiman, too, that it is specifically mentioned, and certainly the person should not be misled. The phrase in this particular constitutional provision that the ILA is relying on is conduct detrimental to the welfare of the ILA. If you look at the ILA's brief, we talk about detrimental. The plain dictionary meaning of that is broader than simply illegal or unlawful. And Mr. Knight was not prejudiced because he had the opportunity to present his argument. And interestingly enough, it's pretty much what Mr. Goldberg said today, that he made the argument to Judge Mullen that it was not a bribe, it was not a kickback, it was not corruption. It was what he called it in his pre-hearing submission, an innocent mistake. So he made the argument that, and that was under the heading that if Judge Mullen finds that he did that, Mr. Knight did violate the ILA Constitution, that he should not be punished for it. You mentioned earlier that in the Mullen decision, spirit and intent is used one time. Yes. I believe you said that. Is spirit and intent used anywhere in any of your submissions? No, no. Other than discussing Mullen. The words spirit and intent, and Mr. Goldberg pointed that out, are never used in any of our submissions in that exact phrase. Our submissions, the ILA submission did talk about that the ILA has the right to ban any payment from any port officer to any port director or any port employer, excuse me, to any local union officer, regardless of whether or not that actually violates 302. And it discusses why that's important, because it could undermine labor relations, it could undermine the member's confidence in the labor union officer's ability to negotiate on their behalf. So it discusses the spirit and intent of 302, and it discusses why it's important to ban these payments regardless of whether it actually violates 302, and specifically says that it's conduct is demential regardless of whether it's an actual violation of federal law. But no, Your Honor, the specific phrase spirit and intent of 302 was never used in the pre-hearing submission. And I believe you said earlier that perhaps it was a red herring. Yes, I would agree with that. I had a question about overbreadth. Let me put to you the same question that I put to Mr. Goldberg, and that is what's the effect of this court's ruling in 2006 that Article 27 is overbroad? To what effect should that have here? It does not revive or resurrect Mr. Knight's individual 101A2 claim, the one that was dismissed on summary judgment, the one that was actually dismissed again because of misunderstanding of trial, the one that Mr. Knight did not appeal, the one that this court originally said was not appealed, and the one which, over the ILA's objection, was brought forward again on remand, but was discounted by the court, and the court declined to rehear that claim. Mr. Knight has to prove either 101A2 or 609 that either the ILA had an intent to interfere with his free speech rights or retaliate against him for utilizing his free speech rights. And there was just no evidence in the record, and that was clear on summary judgment. Other people had been involved in this meeting. They had also done publicity for the meeting that Mr. Knight had done publicity. Other people had circulated information about the Workers' Coalition in general. There was two other co-chairs of the Workers' Coalition. They put their name on the letter and used their ILA title on the letters. And actually, but no one else received the punishment that Mr. Knight did. I mean, there was also, and this is in the record too, another charge. Sometimes ILA members can be litigious. They bring charges against each other. A charge was brought against Mr. Knight about this very meeting in front of Vice President Horace Alston. That charge was brought by James Hines. He said that the meeting was improper because they used local union funds. I believe what Mr. Goldberg was saying was that once Article 27 was amended, it could no longer form the basis of bringing charges against Knight. Do you understand him to be saying that? I'm not sure exactly what he was saying, Your Honor. What the ILA made a decision to do was to, when the charges were brought again, they didn't focus on misuse of the ILA name. So I don't know whether or not even after the charges were amended, I'm going to take the position that they could have been used to discipline Mr. Knight because his interaction with the Port Director left the Port Director confused about the nature of the meeting. Whether it was deliberate or negligent, it was clear that Port Director would not have enmeshed himself in an internal political rally in a labor union if that's what he knew it was going to be. He apparently thought it was a group that was being hosted by the international as a whole, including all of the current administration. But it's clear that the Workers' Coalition is sort of a political caucus of ILA members who wanted to advance certain people for office, advance certain agenda, and that agenda and those people were different than the people who were currently in office. It was a political group. And that would exist regardless of Article 27, is what you're saying? Well, what I'm saying is that if Eddie Knight had not used his name as an ILA officer when corresponding with this gentleman, perhaps Mr. McBride, the Port Director, would not have been confused about the nature of the meeting. I understand, Frank. What's that? I'm sorry, Your Honor. I understand what you're saying. Okay. Let me ask you another question on the 101A2 claim. Is it your position that Mr. Knight has waived that because he didn't bring it up prior? Let me see. One second. Because he failed to bring it up during the appeal before us in 2006? Well, Your Honor, yes, that's one of my positions. I mean, I also feel that he doesn't have a valid claim, and that was because it was heard on summary judgment, heard again at trial, and was denied. But in the first instance, your position is we should deem it waived and we shouldn't be dealing with the merits of it. Yes, Your Honor. Don't even get to the merits of it. Thank you. Is that all? I always hesitate to say, is that all there is, particularly when I can't see one of my colleagues. I have no question. Okay. I mean, I don't think I have. Let me check my notes. Okay. I'd just like to. Just two things. There's a conduct detrimental, I think I said. It's just a dictionary definition. We tend to include something more than unlawful or illegal. I disagree with the characterization of Jim Paler's testimony in that regard. First of all, he doesn't speak as a sole member of the ILA. He talked about certain things that were detrimental would be automatically included would be a violation of law, but he did not say that that was the only thing that was included. You know, your colleague across the aisle said that the record was equivocal on the point of notice. In your view, is there any evidence in the record that goes the other way on notice, other than the one mention of spirit and intent that we talked about? What do you mean? The record's equivocal on notice, Your Honor? I mean, I think the notice was pretty clear to Mr. Naheed. Well, yeah, that's the exact point I'm talking to, and that's what Mr. Goldberg had brought up before. I'm not sure what he meant by it's equivocal on notice. As we presented Mr. Knight with a pre-hearing submission, which is more than enough to be construed as charges under the Hardeman Standard. It gave him notice that the ILA's position was strongly that his conduct violated federal law. But it also said that even if it didn't violate federal law, the ILA had the ability and the desire to forbid all payments from employers to ILA officers. And I think that notice was crystal clear. I mean, the only thing the ILA can do is interpret its own constitution. Even Judge Mullen, a former state judge, he can only make guesses about how federal law is going to be actually interpreted by this court or the Supreme Court. But at the end of the day, the only thing that the ILA has to guide itself by is its own constitution. The key issue was whether it was conduct detrimental, and that was always made clear to Mr. Knight. All right. Thank you. Thank you. Judge Van Antwerpen, anything further for Appellee, please? Nothing further, sir. Thank you. Thank you. Mr. Goldberg. Thank you, Your Honor. A few brief points. One is the issue is not whether the union charged Knight with conduct detrimental. Under Sheet Metal Workers v. Hardeman, that language is too vague. There's got to be a further explanation of what the conduct is. So is it your position that the pre-hearing submission isn't essentially the equivalent of a charge? That's what I'm not understanding. Clearly, that phrase is not enough. I get that. Right. But I think a good way to answer your question is how did Judge Mullen himself interpret what the union was charging Knight with? Judge Mullen, in his ruling, said, and I'm quoting, the, quote, conclusion the ILA asserts that Mr. Knight violated Section 302B. That's the conclusion that the ILA was charging Knight with, according to Judge Mullen himself. Now, as far as the dictionary definition of the word detrimental, it's not the dictionary that applies here. It's the ILA's interpretation of the word detrimental. The evidence in the record in relation to the charges, not Judge Mullen's post hoc interpretation of the charges, the ILA's vice president who filed these charges, Paler, he's not just some random member of the ILA. He's been chair of the ILA's Constitution Committee. He's been an international vice president for over 10 years. As an international vice president for that 10-year period, he has participated in the union's executive council as hearing original disciplinary charges and appeals for disciplinary charges lower in the union. During the hearing in front of Judge Mullen, his testimony was repeatedly that his understanding as the person who brought the charges against Knight, his understanding of detrimental conduct was it either violates some other more specific provision in the Constitution or it violates federal law. That's his own interpretation. That's how Judge Mullen interpreted the charges. And to the extent that that's at odds with the pre-hearing submission, we should what? Well, the pre-hearing submission is a lawyer's arguments. The evidence in the record is Vice President Paler's testimony. As far as the over-breath argument, the ILA is conflating two different charges. Initially, when this case was first filed, there were several freedom of speech claims that Knight made. One freedom of speech claim was under the Finnegan versus Liu theory, that there was an intent and a pattern to discriminate and suppress dissent. The ILA is correct. District Court judge denied that claim on summary judgment, and we did not appeal that. That's correct. But all along in this case, there was a second freedom of speech case. That's the sheet metal workers versus Lynn case. And that's the claim based on Article 27. The trial judge before the remand never ruled on that claim. He abstained from ruling on it. This court, so there was no prior decision other than an abstention on that second claim. After this court reversed the abstention and then went on to address the merits of whether Article 27 was a valid grounds for, was on its face, violated freedom of speech, this court ruled that it did. So it was perfectly reasonable. That it could or that it did in this case? Pardon me? That it could or it did in this case? This court ruled that Article 27 on its face violates the freedom of speech provision of the LMRDA flatly. That's why it was remanded to be rewritten. Now, the Court of Appeals sort of advised the court below in the ILA, yes, there's some legitimate concerns here about misusing the name and so forth. And you're free to amend the rule in a lawful way. And that's what happened on remand eventually. But there was no, we didn't appeal the free speech claim based on a pattern or intent to suppress speech. But we did appeal the claim that it was unlawful to discipline Knight based on a union provision that on its face violates free speech. All right, well, thank you very much. Let me say of both counsel, we appreciate the hard work. This was very well briefed, very difficult issues, and certainly well argued today. And we appreciate your hard work. Thank you. Thank you.  Thank you.